IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Robert B. Ciarpaglini, | ) | |
| | ) | Case No. 13 C 50213 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Pat Quinn, et al., | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |
| | ) | |

## ORDER

For the reasons stated below, plaintiff's motion to strike [64] is denied and his motion to expedite [77] is moot. The claims against all defendants for declaratory and injunctive relief as to the four-prescription limitation are moot and dismissed for lack of subject matter jurisdiction. The claims against all defendants for declaratory and injunctive relief as to the alleged impropriety of placing plaintiff in a managed care plan are dismissed with prejudice for failure to state a claim upon which relief can be granted. All of the claims for monetary damages against Governor Quinn, Heather Steans, John Mulroe, and Sara Feigenholtz are dismissed with prejudice on the basis of absolute legislative immunity. All of the claims for monetary damages, including the pendant state law claim for intentional infliction of emotional distress (Count 6) against Julie Hamos, Lisa Arndt, and James Parker are dismissed for lack of subject matter jurisdiction on Eleventh Amendment grounds. This case is terminated.

## STATEMENT-OPINION

Plaintiff, Robert Ciarpaglini, pro se, brings this action via his second amended complaint, against defendants, Pat Quinn ("Governor"), in his individual capacity and in his official capacity as Governor of the State of Illinois, Julie Hamos in her individual capacity and in her official capacity as Secretary of the Illinois Department of Healthcare and Family Services ("DHFS") , Lisa Arndt, in her individual capacity and in her official capacity as Bureau Chief of Pharmacy Services of DHFS, James Parker in his individual capacity and in his official capacity as Deputy Director of Medical Services of DHFS (collectively "DHFS Defendants"), and Heather Steans, John Mulroe, and Sara Feigenholtz, in their individual capacities and in their official capacities as members of the Illinois General Assembly (collectively "Legislator Defendants"). All defendants (the Legislator Defendants [57], the DHFS Defendants [60] and the Governor [62] )

move to dismiss.  Plaintiff moves [64] to strike exhibit A from the motions of the Governor and the DHFS Defendants.[1]  He also moves [77] to expedite presentment date.[2]

The complaint has fifteen counts: Counts 1,2 & 3 assert violations of the Americans with Disabilities Act; Count 4 asserts a violation of the Rehabilitation Act; Count 5 is for a violation of Title XIX of the Social Security Act; Count 6 is a state law claim for intentional infliction of emotional distress; Count 7 asserts a violation of the Supremacy Clause; Count 8 asserts an unreasonable search and seizure; Count 9 asserts excessive force; Count 10 asserts a violation of due process; Count 11 asserts a denial of equal protection; Count 12 asserts a denial of the right to intrastate travel; Count 13 asserts a denial of substantive due process; Count 14 asserts an Americans with Disabilities Act violation; and Count 15 asserts an unlawful denial of free choice in selecting medical providers in violation of federal law.[3]

The Governor and the Legislative Defendants move to dismiss on absolute legislative immunity grounds.  The doctrine of legislative immunity holds "state and local officials are absolutely immune from federal suit for personal damages for their legitimate legislative activities." Empress Casino Joliet Corp. v. Blagojevich, 638 F.3d 519, 527 (7th Cir. 2011), vacated in part on other grounds by Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc., 649 F.3d 799 (7th Cir. 2011).  "[T]his immunity extends to all state and local officials, including those outside the legislative branch, for the performance of acts that are legislative in character or function." Id., at 528.  This absolute legislative immunity extends to the governor of a state. Id. It applies "even when the official is accused of misconduct or other improper motive." Id., at 529.  "[T]he phrase 'legitimate legislative activity' must be understood as a reference to the governmental sphere in which the official was operating, not the legality or propriety of his acts." Id.

Plaintiff alleges the Legislative Defendants' and the Governor's actions in enacting the "Save Medicaid Access and Resources Together Act (SMART Act) provision that limits state Medicaid reimbursement of prescription drugs to four such drugs (305 ILCS 5/5-5.12(j)) violates the Americans with Disabilities Act, the Rehabilitation Act, the Social Security Act, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Eighth Amendment, Fourth Amendment, the right to intrastate travel and freedom of choice.  All of these claims against the Governor and the Legislative Defendants are based on actions they took while acting

---

[1]  This motion [64] is denied.  The exhibit is a public document of which the court can take judicial notice.  Striking the exhibit would be pointless.

[2]  This motion [77] to expedite presentment is mooted by this order.

[3]  The complaint states that as to its claims under the Americans with Disabilities Act (Counts 1,2,3 & 14), the Rehabilitation Act (Count 4) and the Social Security Act (Count 5) it is an action for declaratory and injunctive relief.  It states it is an action for declaratory and injunctive relief and for damages as to its claims under 42 U.S.C. § 1983.

in matters that were legislative in character or function. Participation in debate, voting on legislation, and signing it into law are all actions within the scope of absolute legislative immunity. Id.; Biblia Abierta v. Banks, 129 F.3d 899, 904 (7th Cir. 1997). Accordingly, all of the claims for damages against the Governor and the Legislative Defendants are barred by absolute legislative immunity.

Plaintiff alleges the DHFS Defendants are "arbitrarily and maliciously denying many of plaintiff's medications simply because defendants are discriminating against plaintiff on the basis of his condition and diagnosis." However, plaintiff also alleges the DHFS Defendants "placed plaintiff in a special managed care program where defendants purportedly claim plaintiff is no longer subject to the 4 script limit." In his brief in opposition to the DHFS motion to dismiss, plaintiff acknowledges the 4 prescription limit currently does not apply to him in this managed care plan. He alleges this program requires him to remain living in Winnebago County and to see an assigned provider. He alleges that if he moves out of Winnebago County "defendants will again subject him to the 4 script limit."

All of the defendants argue plaintiff's claim for declaratory and injunctive relief is moot based on the fact, admitted by plaintiff, that he currently is in a managed care program which does not limit his Medicaid prescription payment to only four prescriptions. "Mootness is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence." Laskowski v. Spellings, 546 F.3d 822, 824 (7th Cir. 2008) (internal quotation marks and citations omitted.) Standing must be demonstrated separately for each form of relief sought. Id. "The general rule is that a plaintiff has standing to sue only for injuries to his own interests that can be remedied by a court order." Id., at 825 (emphasis in original). To establish standing, plaintiff must show a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Id. (internal quotation marks and citations omitted). "If at any point the plaintiff would not have standing to bring suit at that time, the case has become moot." Milwaukee Police Association v. Bd of Fire & Police Commissioners, 708 F.3d 921, 929 (7th Cir. 2013). A federal court lacks subject matter jurisdiction over a moot claim because "Article III, § 2 of the Constitution limits the jurisdiction of federal courts to 'Cases' or 'Controversies'. As such, federal courts are prohibited from rendering advisory opinions; they cannot divine on abstract disputes about the law." Id., at 926 (internal quotation marks and citations omitted).

Plaintiff's claim is moot. He is not subject to the four-prescription limitation based on his participation in the managed care program. While he speculates he would become subject to the limitation if he moved, this is simply speculation. Plaintiff argues his claim falls within the "capable of repetition, yet evading review" exception to the mootness doctrine. "This narrow exception applies only where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id., at 932 (internal quotation marks and citations omitted). Any claim by plaintiff that he may be subject to the four-prescription limit again is speculative. Nothing offered by plaintiff shows a reasonable expectation that he

will again be subject to any such limitation. While he posits a worsening of the state's financial situation may result in a cutback of benefits to him, but the unpredictability of the future does not create a "reasonable expectation" plaintiff will be subjected to a prescription limitation in the future. Plaintiff's position is no more than a guess. His claims against all defendants for declaratory and injunctive relief as to the four-prescription limit are moot and this court therefore lacks subject matter jurisdiction over them.

Plaintiff also alleges defendants improperly placed him in a managed care plan. However, the Medcaid Act clearly allows them to do so. A state "may require an individual who is eligible for medical assistance under the State plan under this subchapter to enroll with a managed care entity as a condition of receiving such assistance (and, with respect to assistance furnished by or under arrangements with such entity, to receive such assistance through the entity.) 42 U.S.C. § 1396u-2(a)(1)(A)(i). Plaintiff's claims concerning the impropriety of placing him in a managed care plan fail to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

This leaves the claims for monetary damages against the DHFS Defendants. The Eleventh Amendment provides immunity for a state from a suit for damages in federal court. Woods v. Illinois Dept. of Children & Family Services, 710 F.3d 762, 764 (7th Cir. 2013), and a state and its agencies are not "persons" within the meaning of 42 U.S.C. § 1983 and, therefore, are not subject to suit under Section 1983. Id. Plaintiff states in his brief that his suit for monetary damages (brought pursuant to Section 1983) against the DHFS Defendants is brought against them only in their individual capacities. However, while he says he is suing these state employees only in their individual capacities, his claim is essentially that they are liable to him for damages based on their enforcement of a state law which he contends violates federal law.

"[E]ven when a suit is against a public officer in his or her individual capacity, the court is obliged to consider whether it may really and substantially be against the state."Luder v. Endicott, 253 F.3d 1020, 1023 (7th Cir. 2001). "A suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." Id. (quotation marks and citations omitted). Where a plaintiff is trying to force the state to accept his view of a federal statute by suing state employees in their individual capacities, his claim is barred in federal court by the Eleventh Amendment. Id., at 1024-25.

Plaintiff is clearly trying to compel the state to accept his view of the federal law as it relates to the provision of Medicaid payments for prescription drugs. A judgment in his favor would "interfere with the public administration" by making state employees personally liable for damages for faithfully carrying out the laws enacted by the state legislature. This action by plaintiff is an attempted end run around the Eleventh Amendment which cannot stand. Id. Eleventh Amendment immunity reaches these claims against the DHFS Defendants.

For the foregoing reasons, plaintiff's motion to strike [64] is denied and his motion to expedite [77] is moot.  The claims against all defendants for declaratory and injunctive relief as to the four-prescription limitation are moot and dismissed for lack of subject matter jurisdiction.  The claims against all defendants for declaratory and injunctive relief as to the alleged impropriety of placing plaintiff in a managed care plan are dismissed with prejudice for failure to state a claim upon which relief can be granted.  All of the claims for monetary damages against Governor Quinn, Heather Steans, John Mulroe, and Sara Feigenholtz are dismissed with prejudice on the basis of absolute legislative immunity.  All of the claims for monetary damages, including the pendant state law claim for intentional infliction of emotional distress (Count 6) against Julie Hamos, Lisa Arndt, and James Parker are dismissed for lack of subject matter jurisdiction on Eleventh Amendment grounds.  This case is terminated.

Date: 3/17/2014                                    ENTER:


                                                   _____
                                                   United States District Court Judge


                                        Notices mailed by Judicial Staff. (LC)

5